```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

NICHOLAS WEIR,

                Plaintiff,                MEMORANDUM & ORDER
                                          19-CV-02223-EK
        -against-

UNITED STATES CITZENSHIP AND
IMMIGRATION SERVICES (USCIS); NEW
YORK DISTRICT DIRECTOR THOMAS CIOPPA
(official and individual capacities),
and ISO I. BOLIVAR (official and
individual capacities),

                Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Nicholas Weir applied for naturalization in 2017. United States Citizenship and Immigration Services ("USCIS") denied his application because Plaintiff expressed his unwillingness to take an oath that he would "bear arms" on behalf of the United States, as required by 8 U.S.C. § 1448(a), and he did not qualify for an exemption to that requirement. Plaintiff sought review of that decision through an "N-336 Request for a Hearing on a Decision in Naturalization Proceedings" (the "N-336"). USCIS held a hearing on August 29, 2018. The agency did not issue an immediate ruling.

        On April 16, 2019, Plaintiff commenced this action requesting a writ of mandamus directing USCIS and two of its

employees, Thomas Cioppa and I. Bolivar,[1] to "make a decision" on the N-336 application. USCIS affirmed the denial of Weir's naturalization application the next day, April 17.

By order dated September 28, 2020 (ECF No. 31), Chief Judge Roslynn R. Mauskopf, then assigned to this case, dismissed the mandamus petition as moot in light of USCIS's April 17 decision.[2] In addition to addressing the mandamus application, Judge Mauskopf construed Plaintiff's complaint (liberally, as a court must for a *pro se* plaintiff) to bring claims against the individual defendants in their personal capacities for money damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Judge Mauskopf dismissed defendant Cioppa based on improper service of process and dismissed the *Bivens* against Bolivar for failure to state a claim.

On October 19, Plaintiff moved for reconsideration of that decision.[3] ECF No. 32. A motion for reconsideration "is generally not favored and is properly granted only upon a

---

[1] Plaintiff names Immigration Services Officer I. Bolivar in the complaint by first initial and last name.

[2] Because Judge Mauskopf ruled on a motion to dismiss for lack of subject matter jurisdiction, the facts set forth in that order, and herein, are based in part on information outside of the complaint. *E.g.*, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

[3] Plaintiff does not specify the rule under which he seeks reconsideration. The Court treats Plaintiff's motion as brought pursuant to Federal Rule of Civil Procedure 59(e) ("Motion to Alter or Amend a Judgment").

showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is not a vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided." *Perez v. United States*, 378 F. Supp. 2d 150, 154-55 (E.D.N.Y. 2005) (citations omitted). A party may also not assert new allegations or a new legal theory on a motion for reconsideration. *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

      Having reviewed Plaintiff's motion, I find that he has pointed to no controlling decision or data that Judge Mauskopf overlooked. In support of reconsideration, Plaintiff asserts that defendant Bolivar violated USCIS's Policy Manual by questioning the validity of his "belief system"; but he made this exact argument in his opposition brief to the Defendants' motion to dismiss. He now claims that the refusal to grant him an exemption violated his First Amendment rights, but this argument is improperly made for the first time in a

3

reconsideration motion. *Sequa Corp.*, 156 F.3d at 144. He also argues that the Eastern District's "Pro Se Intake Unit" "tipped off" Defendants to the complaint and that Cioppa "maliciously obstructed" service, but he proffers no evidence of this apart from the "Affidavit of Non-Service" that was before the Court previously.

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. Plaintiff may amend the complaint within thirty days from the entry of this order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number. If Plaintiff fails to file an amended complaint within thirty days, the action shall be dismissed without prejudice, and judgment shall enter.

In the event that Plaintiff elects to proceed *in forma pauperis* on appeal from this order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith and therefore denies *in forma pauperis* status. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                         /s Eric Komitee
                                         ERIC KOMITEE
                                         United States District Judge

Dated:     September 22, 2021
             Brooklyn, New York